```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


GLORIA LABRECQUE,                  :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    Case No. 3:15-CV-1141 (RNC)
                                   :
JOHNSON & JOHNSON;                 :
ETHICON, INC.;                     :
ETHICON WOMEN'S HEALTH AND         :
UROLOGY, A DIVISION OF             :
ETHICON, INC.; GYNECARE, A         :
DIVISION OF ETHICON, INC.;         :
ST. FRANCIS HOSPITAL AND           :
MEDICAL CENTER; CONNECTICUT        :
UROGYNECOLOGY; and                 :
RAUL MENDELOVICI, M.D.,            :
                                   :
     Defendants.                   :
```

MEMORANDUM

Plaintiff Gloria Labrecque filed this action in Connecticut Superior Court based on injuries she allegedly suffered in connection with pelvic mesh products provided and implanted by defendants.  Asserting diversity jurisdiction under 28 U.S.C. § 1332, defendants Johnson & Johnson and Ethicon, Inc. removed the case to this Court.  The plaintiff moved to remand, and Johnson & Johnson and Ethicon, Inc. moved to stay proceedings and sever certain claims.  The motion to remand has been granted, and the other motions have been denied.  This memorandum provides a written statement of reasons for each of these rulings.

I.   Background

The complaint asserts state law claims against Johnson &

Johnson and Ethicon, Inc. (the "Ethicon defendants") and Dr. Mendelovici, Connecticut Urogynecology, and St. Francis Hospital (the "healthcare defendants"). The parties do not dispute that the plaintiff is a citizen of Connecticut, the Ethicon defendants are considered citizens of New Jersey, and the healthcare defendants are considered citizens of Connecticut. The Ethicon defendants contend that complete diversity exists among the properly joined parties because the healthcare defendants have been fraudulently joined and therefore should be ignored for jurisdictional purposes. Plaintiff argues that her claims against the healthcare defendants are not fraudulently joined and thus the case must be remanded to state court for lack of jurisdiction.

II. Discussion

A case filed in state court may be removed to federal court if the action could have been brought in federal court initially. 28 U.S.C. § 1441(a). The Ethicon defendants assert that this Court has subject matter jurisdiction based on diversity jurisdiction as provided in 28 U.S.C. § 1332(a)(1). Under that statute, complete diversity of citizenship must exist among the parties, meaning that no plaintiff can be from the same state as any defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). Because the party asserting jurisdiction bears the burden of proving that the case is properly in federal

court, the Ethicon defendants must show that complete diversity exists.  United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).  In resolving questions of removal jurisdiction, federal courts are to "construe the removal statute narrowly" and "resolv[e] any doubts against removability."  Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013).

The Ethicon defendants have urged the Court to defer ruling on their motion to remand pending a decision by the Judicial Panel on Multidistrict Litigation on the defendants' motion to transfer this case to the Southern District of West Virginia, which is overseeing coordinated pretrial proceedings in other cases involving their pelvic mesh products.  In the alternative, the Ethicon defendants contend that remand should be avoided through severance of the non-diverse defendants or denied based on fraudulent joinder or fraudulent misjoinder.

    A.  Stay

The Court has discretion to enter a stay pending a decision by the MDL Panel on the motion to transfer.  See In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990); Royal Park Investments SA/NV v. Bank of Am. Corp., 941 F. Supp. 2d 367, 369-71 (S.D.N.Y. 2013).  Because the remand question turns Connecticut law, however, this Court is in a better position to decide the issue.  See In re Consol. Fen-Phen Cases, No. 03CV3081(JG), 2003 WL 22682440, at *3

(E.D.N.Y. Nov. 12, 2003) (deciding remand issue in potential MDL case because the transferee court would not be in a better position to decide the issue raised); Morales v. Am. Home Products Corp., 214 F. Supp. 2d 723, 725 (S.D. Tex. 2002) (deciding fraudulent joinder issue instead of deferring to MDL court because the issue was controlled by Fifth Circuit and Texas law).  If this Court does not have jurisdiction, then the MDL court will not have jurisdiction either.  See Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc., 807 F. Supp. 2d 375, 381 (D. Md. 2011).

    B.  Severance

The Ethicon defendants argue that jurisdiction would be proper if this Court were to sever the healthcare defendants from this action under Rule 21.  Second Circuit precedent indicates that Rule 21 "allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not indispensable under Rule 19(b)."  Call Ctr. Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp., 635 F.3d 48, 51 (2d Cir. 2011).  However, courts in this Circuit have noted that exercising this discretion in the context of removal presents unique jurisdictional concerns.  See Kips Bay Endoscopy Ctr., PLLC v. Travelers Indem. Co., No. 14Civ.7153(ER), 2015 WL 4508739, at *4 (S.D.N.Y. July 24, 2015) (collecting cases and noting that "courts are reluctant to employ Rule 21 in the

4

removal context" because doing so would "conjure removal jurisdiction that would otherwise be absent").

In support of their motion to sever, the Ethicon defendants rely on two pelvic mesh cases in which the court granted severance of claims against non-diverse healthcare providers and permitted claims against the manufacturers of the devices to proceed in federal court. Sullivan v. Calvert Mem'l Hosp., No. PJM 15-1188, 2015 WL 4614467 (D. Md. July 30, 2015); Mayfield v. London Women's Care, No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015). However, those cases are distinguishable. The plaintiffs in those cases did not allege any product liability claim against the healthcare providers. By contrast, here, plaintiff alleges product liability claims against St. Francis Hospital, one of the healthcare defendants. Furthermore, she has not made any claims based on medical negligence against any of the healthcare defendants, as the plaintiffs did in Sullivan and Mayfield. Underlying all the claims in this case is the allegation that the implanted products were defective.

Given the difference between the claims in this case and the claims in Sullivan and Mayfield, the factors supporting severance in those cases do not apply with the same force here. Indeed, the Ethicon defendants are asking this Court to go further than the courts in Sullivan and Mayfield by separating out and remanding claims against defendants that are identical to or

based on the same underlying facts as the claims asserted against them.  Because of the differences between this case and the situations in Sullivan and Mayfield, I follow the approach of courts in this Circuit that have declined to sever nondiverse parties to preserve diversity jurisdiction.  See Rost v. Pfizer Inc., 502 F. App'x 51 (2d Cir. 2012) (affirming district court's decision not to sever nondiverse party under Rule 21); Kips Bay, 2015 WL 4508739, at *3-*6;  Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of Am., No. 14 Civ. 03303(LGS), 2014 WL 7004033, at *2-*3 (S.D.N.Y. Dec. 11, 2014).

    C.  Fraudulent Joinder

The Ethicon defendants assert that the presence of the healthcare defendants in this action does not defeat this Court's jurisdiction because those defendants have been fraudulently joined.  In deciding whether diversity jurisdiction exists, courts will overlook the presence of non-diverse defendants if they were fraudulently joined in an effort to defeat federal jurisdiction.  Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004).  To establish that a party has been fraudulently joined, the party asserting jurisdiction must demonstrate, by clear and convincing evidence, either "outright fraud" in the plaintiff's pleadings, or that there is "no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state

court."  Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998).  This burden is "heavy," and all factual and legal ambiguities must be resolved in favor of the plaintiff.  Id.

In this case, the Ethicon defendants have not carried their heavy burden of establishing fraudulent joinder.  There are no allegations of outright fraud on the part of the plaintiff, and it has not been shown by clear and convincing evidence that there is no possibility the claims against the healthcare defendants could be asserted in state court.

The Ethicon defendants contend that the product liability claims against the healthcare defendants have no possibility of avoiding dismissal in state court.[1]  These claims are governed by the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. § 52-572n.  Densberger v. United Technologies Corp., 297 F.3d 66, 70 (2d Cir. 2002).  To be liable under the CPLA, a defendant must be a "product seller" within the definition of the statute. Zichichi v. Middlesex Mem'l Hosp., 204 Conn. 399, 403, 528 A.2d 805, 807 (1987).

The Ethicon defendants contend that hospitals and medical professionals are not "product sellers" under the CPLA and thus cannot be liable to the plaintiff here.  But Connecticut law does

---

[1] The parties have also disputed whether the plaintiff might be able to recover on other claims in the complaint.  Because I conclude that there is some possibility the plaintiff may be able to state a products liability claim against the healthcare defendants, I need not address any of the other claims to determine that no fraudulent joinder exists.

not make it impossible for hospitals and medical professionals to be "product sellers."  See <u>Mihok v. Medtronic, Inc.</u>, No. 3:14-cv-1169(VLB), 2015 WL 4722847, at *11 (D. Conn. Aug. 10, 2015) (concluding that Connecticut law does not "render legally impossible" a products liability claim against a hospital); <u>Farrell v. Johnson & Johnson</u>, No. CV 116014102S, at *1 (Conn. Super. Jul. 1, 2014) ("There is no Supreme Court or Appellate Court authority prohibiting a plaintiff from maintaining a product liability claim against a hospital.").  That some plaintiffs may have been denied recovery on product liability claims against other health care providers does not support a finding of fraudulent joinder here.  The question before this Court is not whether the plaintiff is likely to prevail on her theory.  Rather, the Court must decide whether there is "any possibility" her claim could survive a motion to dismiss for failure to state a claim in state court.  See <u>Nemazee v. Premier, Inc.</u>, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) ("Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted.").  Because case law shows that plaintiff's theory is not prohibited as a matter of law, the Ethicon defendants' fraudulent joinder argument fails.

    D.  <u>Fraudulent Misjoinder</u>

    Finally, the Ethicon defendants argue that the claims

against the healthcare defendants should be severed and remanded under the doctrine of fraudulent misjoinder.  Such an approach would leave this court with subject matter jurisdiction over the remaining claims against the Ethicon defendants.  Because the Second Circuit has not addressed the fraudulent misjoinder doctrine, In re Propecia (Finasteride) Prod. Liab. Litig., No. 12-MD-2331(JG)(VVP), 2013 WL 3729570, at *4 (E.D.N.Y. May 17, 2013), I decline to follow the Ethicon defendants' suggestion for creating subject matter jurisdiction in this way.  See Mack v. Bayer Corp., 2007 WL 4333815, at *1 (D. Conn. Dec. 10, 2007).

    E.  Costs and Fees

In her motion to remand (ECF No. 23), plaintiff sought an award of costs and fees incurred as a result of the removal.  When a case is remanded, attorney's fees should not be awarded if the removing party had "an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  Because of the lack of controlling precedent regarding the propriety of removal in this case, the request for fees and costs has been denied.

/s/ RNC
Robert N. Chatigny
United States District Judge

9